IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.     04-cv-02533-MSK-OES)

NESTLE PREPARED FOODS COMPANY,

Plaintiff(s),

vs.

POCKET FOODS CORPORATION,

Defendant(s).

**STIPULATED PROTECTIVE ORDER**

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  September 13, 2005

By stipulation and agreement of Plaintiff NESTLE PREPARED FOODS COMPANY and Defendant POCKET FOODS CORPORATION (collectively, "the Parties"), with the express consent of counsel for the Parties as indicated below; and

It appearing that discovery in these actions may require the disclosure by the Parties or by non-parties of information and/or documents that are confidential and/or proprietary to the disclosing party;

NOW, THEREFORE, for good cause shown, it is hereby ORDERED, in accordance with Fed. R. Civ. P. 26(c), that the following provisions shall govern the conduct of discovery by the Parties in the above-captioned action:

1. The term "PROTECTED INFORMATION" means information, deposition testimony, materials, or documents (hereinafter "Information") designated CONFIDENTIAL, pursuant to paragraph 2 hereof, or designated

ATTORNEYS'-EYES-ONLY, pursuant to paragraph 3 hereof.

2. Any party or non-party asked to provide Information or discovery in connection with this action may designate all or portions of any Information furnished by such party or non-party pursuant to formal or informal discovery, or during the course of this litigation, as CONFIDENTIAL.  Information designated as CONFIDENTIAL may consist of any Information that is of a confidential or commercially sensitive nature.

3. Any party or non-party asked to provide Information or discovery in connection with this action may designate all or portions of any Information furnished by such party or non-party pursuant to formal or informal discovery, or during the course of this litigation, as ATTORNEYS'-EYES-ONLY.  Information shall only be designated as ATTORNEYS'-EYES-ONLY if the Information contains information of a highly sensitive nature, the disclosure of which could cause a party irreparable competitive injury. Information that may be designated as ATTORNEYS'-EYES-ONLY includes, but is not limited to, Information that contains either:  (a) non-public, proprietary, or confidential financial or business information, (b) trade secret information, (c) non-public, proprietary, or confidential sales, pricing, or marketing information, or (d) non-public, proprietary, or confidential corporate and strategic planning information.

4. The parties agree not to designate Information as CONFIDENTIAL or ATTORNEYS'-EYES-ONLY for the purpose of harassing the receiving party or for the purpose of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

5. Any document or transcript (or portions thereof), whether an original or copy,

including any exhibits and answers to interrogatories, as well as physical objects, recordings or things that any party deems to be or contain PROTECTED INFORMATION shall be labeled on the first page of such document or on such physical object with the appropriate designation. All PROTECTED INFORMATION not reduced to documentary, tangible or physical form, or which cannot be conveniently labeled, shall be so designated by a party by informing the opposing party in writing. In the event a party elects to produce original documents or other materials for inspection, no markings need be made by the producing party in advance of the inspection, and all such documents shall be considered as marked and labeled ATTORNEYS'-EYES-ONLY during and in connection with such inspection and until such time as the producing party designates any such documents or materials differently.

      6. Information designated as CONFIDENTIAL may be disclosed only to the following persons:

(a)    All attorneys of record in this action, other lawyers regularly employed in their offices, and their staff to whom it is necessary that materials be disclosed for purposes of this litigation, including secretaries, paralegals, and document clerks;

(b)    In-house counsel for the parties and their staff to whom it is necessary that materials be disclosed for purposes of this litigation, including secretaries, paralegals, and document clerks;

(c)    Court personnel;

(d)    Outside commercial copying and other litigation support services;

(e)     Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including their staff to whom it is necessary that materials be disclosed for purposes of this litigation;

(f)     Any witness testifying under oath who is an employee of the party that designated such information as Information;

(g)     Party representative(s) attending any depositions, hearings or trials;

(h)     Any person who is an author or addressee of any document or thing containing such information, or any person copied thereon; and

(i)     Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

7. Information designated as ATTORNEYS'-EYES-ONLY may only be disclosed to those persons entitled to receive CONFIDENTIAL Information under paragraphs 6(a), 6(b), 6(c), 7(d), 7(e), 6(f), 6(h), or 6(i), provided, however, that such Information may only be disclosed to such persons in category 6(b) whom a party certifies is not involved in competitive business decision-making relating to the subject matter of this action and has provided three (3) business days' notice of such disclosure to opposing counsel and not received any objection from opposing counsel to such disclosure.

8. Any person, not an employee of a party, receiving any PROTECTED INFORMATION, except those persons listed in paragraphs 6(a), 6(b), 6(c) and 6(d), shall sign a written agreement in the form of Exhibit A attached hereto prior to

receiving any PROTECTED INFORMATION, and a copy of such signed agreement shall be submitted to the opposing party's counsel upon request.

9. Persons authorized under paragraphs 6, 7 and 8 to receive PROTECTED INFORMATION ("Qualified Persons") shall not disclose or disseminate, directly or indirectly, any PROTECTED INFORMATION to persons other than the party that designated the PROTECTED INFORMATION or to other Qualified Persons, nor shall any Qualified Person make public disclosure of any PROTECTED INFORMATION or use PROTECTED INFORMATION for any purpose other than in connection with this action.

10. Information disclosed at any deposition may be designated as CONFIDENTIAL or ATTORNEYS'-EYES-ONLY on the record at the deposition or by notifying all parties in writing, within fourteen days of receipt of the transcript by the attorneys for the designating party, of the specific pages and lines of the transcript which contain PROTECTED INFORMATION. All Information disclosed in depositions shall be treated as CONFIDENTIAL until at least fourteen (14) days after the transcript(s) of said deposition is actually received by the attorneys for each party. Only those persons authorized to receive Information designated as CONFIDENTIAL or ATTORNEYS'-EYES-ONLY will be allowed to attend that portion of any deposition which discloses the PROTECTED INFORMATION in accordance with the terms and conditions of this Order.

11. Any court reporter, transcriber, or videographer who reports or transcribes testimony in this action at a deposition shall agree by a statement on the record or

written statement that all testimony and information revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter, transcriber, or videographer except to the attorneys for the parties and any other person who is present while such testimony is being given, and that all copies of any transcript, reporter's notes, or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, transcriber, or videographer or shall be delivered to the undersigned attorneys.

12. Nothing shall prevent disclosures beyond the terms of this Order if the party that designated the Information as CONFIDENTIAL or ATTORNEYS'-EYES-ONLY consents to such disclosure, or if the Court, after notice, orders such disclosure.

13. All documents and transcripts of deposition testimony, including exhibits and/or attachments associated with such transcripts, filed with the Court in this litigation that have been designated, in whole or in part, as PROTECTED INFORMATION shall be filed and maintained under seal.

14. All Information identified by any party as PROTECTED INFORMATION, and all copies thereof, shall not be disclosed to any person who is not an authorized recipient, and shall be carefully maintained so as to preclude access by persons who are not authorized recipients.  At the termination of this action (whether by settlement or final judgment and exhaustion of all appeals), unless otherwise ordered by the Court, such documents either (a) shall be returned to the producing party or (b) shall be destroyed within 60 days of the termination of this action, in which event counsel shall give written notice of such destruction to opposing counsel.  In no event shall a

party or its counsel or expert witnesses or consultants or any mediator retain a copy of PROTECTED INFORMATION produced to it, except that outside litigation counsel for the producing party may keep one copy of any pleadings containing such Information for archival purposes. Nothing in this Order requires the return or destruction of attorney work-product or attorney-client communications of either party that is maintained and stored by counsel in the regular course of business. Furthermore, nothing in this Order requires the return or destruction of such Information filed with the Court. Insofar as the provisions of any protective order entered in this action restrict the communication and use of the documents produced thereunder, such order shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on any document that was used as an exhibit in the proceedings unless such exhibit was maintained under seal.

15. This Order shall not be construed to prevent any person, including a Qualified Person, from making use of PROTECTED INFORMATION that (a) was lawfully in his or her possession prior to receipt from the supplying party, (b) appears in any published material available to the general public, without fault of the disclosing party, (c) was or is hereafter obtained from a source or sources not under an obligation of secrecy to the other party or parties, without fault of the disclosing party, or (d) is exempted from the operation of this Order by written consent of the party producing such PROTECTED INFORMATION.

16. If a party disagrees with any designation of any Information as PROTECTED INFORMATION, the party shall notify counsel for the other party and they

shall attempt to resolve the dispute by agreement. If the dispute is not so resolved, the Information shall continue to be protected as designated and required under this Order unless the Court rules otherwise, and the party or person that made the designation shall have the burden of showing that the designation was proper.

17. Discovery material produced without the designation of CONFIDENTIAL or ATTORNEYS'-EYES-ONLY may be so designated subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is so designated, the receiving party shall use its best efforts to promptly collect any copies that have been provided to individuals not authorized under this Order to receive them.

18. If a party through inadvertence produces or provides Information which it believes is subject to a claim of attorney-client privilege or the work product doctrine, the producing party shall give written notice to the receiving party that the Information is subject to such a claim and request that the Information be returned. The receiving party immediately shall return the Information to the producing party. Immediate return of the Information by the receiving party shall not constitute an admission, waiver, or concession, or otherwise permit any inference, that the returned information is, in fact, properly subject to a claim of attorney-client privilege or the work product doctrine. The returning party may move the court for an order that such Information has been improperly designated and should be produced for reasons other than a waiver caused by the inadvertent production.

19. The terms and conditions in this Order shall survive and remain in full force and effect after the termination of this action until canceled or otherwise modified by Order of this Court, or by written agreement of the parties.

20. The Court shall retain jurisdiction to enforce the provisions of this Order.

21. The parties have agreed to present this Order to the Court for entry in the above-captioned matter. In addition, this Order shall serve as a stipulation and agreement between the parties, and shall be effective immediately upon signature by counsel for all parties.

SO ORDERED this 13TH day of September, 2005.

s/ O. Edward Schlatter

_____
United States District Judge

CONSENTED TO BY:


Jane Michaels
HOLLAND & HART
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202-3979
Phone: 303.295.8162
Fax: 303.295.8261

Jerre B. Swann
R. Charles Henn Jr.
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Phone: (404) 815-6500
Fax: (404) 815-6555

Attorneys for Plaintiff
NESTLÉ PREPARED FOODS COMPANY

T.J. Carney
OLIVER & CARNEY, P.C.
7903 Ralston Road
Arvada, Colorado 80002

Phone: 303.424.4463

Attorneys for Defendant
POCKET FOODS CORPORATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

NESTLÉ PREPARED FOODS COMPANY,   )
                                 )
    Plaintiff,                   )
                                 )
v.                               )   Civil Action No. 04-MK-2533 (OES)
                                 )
POCKET FOODS CORPORATION,        )
                                 )
    Defendant.                   )

EXHIBIT A-CERTIFICATE OF CONSENT
TO BE BOUND BY PROTECTIVE ORDER

The undersigned, has read, understands and agreess to be bound by the terms and condiditons of the Stipulated Protective Order dated _____ which governs the restricted use of information produced in the above case and designated as "CONFIDENTIAL" and/or "ATTORNEYS'-EYES-ONLY."  The undersigned also agrees to the continuing jursidiction of and contempt power of this Court with respect to its enforcement.
If the undersigned is an expert,mediator, or a consultant, the undersigned hereby further certifies that he or she is not presently, and has no present plans to become, a competitor (or a consultant, expert, or employee of a competitor) of any of the parties.